## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.B. and A.W.

No. 17-0248 (Kanawha County 16-JA-433 & 16-JA-434)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.W., by counsel Rebecca Stollar Johnson, appeals the Circuit Court of Kanawha County's February 9, 2017, order terminating her parental rights to S.B. and A.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer N. Taylor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) adjudicating her as an abusing parent and (2) denying her motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against petitioner and the father. According to the petition, a family court previously granted custody of the children to their maternal grandmother as a result of allegations of abuse and neglect before the family court that resulted in a referral of the matter to the circuit court. The petition further alleged that, as a result of domestic violence in the home, the family court's prior order directed petitioner to have no contact with the father and to undergo counseling. According to the guardian, the family court proceedings documented extensive DHHR involvement with the parents, as evidenced by multiple case plans, safety plans, and other records that reflected several years of DHHR services designed to remedy the conditions in the home. The DHHR alleged that its subsequent investigation revealed that the parents physically and mentally abused the children. At a subsequent preliminary hearing, the circuit court ordered psychological evaluations and counseling for the parents and the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In September of 2016, the circuit court held an adjudicatory hearing, during which a Child Protective Services ("CPS") worker testified that ten-year-old S.B. told him that the father once shocked her with a Taser. The child recalled specific details of the event, including the location, a description of the Taser, and the fact that the parents later activated the Taser in front of the children as a threat to get them to behave. The CPS worker also testified to the children's statements regarding the various forms of punishment the parents subjected them to, including forcing the children to lie on their stomachs while the father struck their feet with a hairbrush; forcing the children to stand in the house with a bar extended over their heads for long periods; and dragging the children by their hair. The CPS worker further testified that both children expressed fear of the Taser being used on them. According to the CPS worker, the parents denied the allegations, although they confirmed they owned a Taser. The CPS worker also testified that the children further confirmed these allegations in counseling sessions with a therapist. Another CPS worker testified to the fact that S.B. refused to participate in visits with petitioner because it reminded her of the abuse she suffered in the home, in addition to a therapist's recommendation to cease visitation. Petitioner testified and denied the allegations. The circuit court also heard from the children's maternal grandmother, who testified that she filed a petition for temporary custody after the children informed her of the parents' abuse. Ultimately, the circuit court found that petitioner abused and neglected the children. Petitioner thereafter moved for a post-adjudicatory improvement period.

In December of 2016, the DHHR submitted a court summary that indicated that petitioner participated in parenting services, but had not undergone individual therapy to address the issues of abuse and neglect in the home and failed to obtain suitable housing or employment. The following month, the guardian filed a report that noted petitioner's psychological report stated that petitioner failed to accept responsibility for her actions. The guardian further noted that petitioner told her therapist that she would file for divorce from the father but never did. According to the guardian, petitioner continued to reside with the father despite prior orders that the two have no contact.

In January of 2017, the circuit court held a dispositional hearing, during which both the DHHR and the guardian recommended termination of petitioner's parental rights. According to the DHHR, petitioner requested services but ultimately attended only one or two classes. A service provider also testified that petitioner was unlikely to correct the conditions of abuse and neglect in the near future, given her refusal to accept responsibility for her actions. Petitioner testified and indicated that she filed for divorce from the father the day before the dispositional hearing. However, petitioner reasserted her belief that no abuse and neglect occurred in the home and that the father had done nothing wrong. Ultimately, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]According to the parties, the parental rights of all parents to all children were terminated below. According to the guardian, the children are placed in the home of their maternal grandmother with a goal of adoption therein.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, the record is clear that the circuit court did not err in adjudicating petitioner as an abusing parent. On appeal, petitioner argues that the circuit court simply took the word of petitioner's psychological evaluator, despite the fact the evaluator obtained information directly from the DHHR. Petitioner further alleges that CPS failed to properly investigate the claims, as no one ever observed abnormal bruising on the children or otherwise had them undergo medical examinations for signs of abuse. Petitioner further alleges that there was no evidence the children ever disclosed any abuse at school. According to petitioner, her mother was incredibly controlling, having forced her to lie about past events related to her childhood. And yet the circuit court in this matter accepted the maternal grandmother's testimony as true. Upon our review of the record, we find no merit to petitioner's argument.

We have held as follows:

"W.Va.Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (citations omitted). The record here is clear that the DHHR satisfied the requisite burden of proof at adjudication by offering evidence from multiple sources that confirmed the children's disclosures of abuse in the home. A CPS worker testified that the children had not changed their disclosures since his initial meeting with them, and he further stated that the children's therapists continued to confirm the children's consistency in their retelling of the events giving rise to the petition's filing. Importantly, it was also noted that the children's therapists did not believe that the children were coached to make disclosures of abuse. The children's maternal grandmother also testified to her knowledge of the children's disclosures of abuse that prompted her to initiate guardianship proceedings in the

3

family court. As such, it is clear that the circuit court was presented with sufficient evidence upon which to find that the children in question were abused and that petitioner was an abusing parent. Accordingly, we find no error in the circuit court's adjudication below.

Finally, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period. On appeal, petitioner argues that she should have been entitled to an improvement period because she was willing to comply with services. Moreover, petitioner argues that, as a victim of domestic violence, she should have been entitled to more time to come to terms with the violence in her home and be reunified with her family. We do not agree. In her appellate brief, petitioner reiterates that, at the dispositional hearing, she "maintained that neither she nor the father had done anything wrong . . . ." In addressing a parent's refusal to acknowledge the truth of the basic allegations against them, we have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, it is clear that petitioner's failure to acknowledge the conditions of abuse and neglect in the home rendered them untreatable. Accordingly, an improvement period would have been futile. Pursuant to West Virginia Code § 49-4-610(2), circuit courts have discretion in denying a parent a post-adjudicatory improvement period. Indeed, we have oft held that the decision to grant or deny a parent's motion for an improvement period in an abuse and neglect proceeding is a discretionary decision left to the sound judgment of the circuit court. *See* Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). Here, in light of petitioner's unwillingness to acknowledge the conditions of abuse and neglect in the home, we find no abuse of that discretion.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 9, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker